IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

THE BANK OF NEW YORK MELLON §
TRUST COMPANY, NATIONAL §
ASSOCIATION F/K/A THE BANK OF §
NEW YORK TRUST COMPANY, N.A., §
AS TRUSTEE FOR RESIDENTIAL §
ASSET MORTGAGE PRODUCTS, INC. §
MORTGAGE ASSET-BACKED §
PASS-THROUGH CERTIFICATES §
SERIES 2006-RP4, §
 §
Plaintiff, §
 §
VS. § NO. 4:19-CV-432-A
 §
SHERRY LYNN HOLCOMB, §
 §
Defendant. §



## MEMORANDUM OPINION
and
## ORDER

Came on for consideration the motion of plaintiff, The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A., as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2006-RP4, for default judgment against defendant, Sherry Lynn Holcomb. The court, having considered the motion, the record, and the applicable authorities, finds that the motion should be granted.

I.

Background

Plaintiff initiated this action by filing its original complaint on May 28, 2019. Doc.[1] 1. Plaintiff alleged:

Defendant executed a Texas Home Equity Note (the "Note") promising to pay to the lender[2] $120,000 plus interest in monthly installments. Id. at 2, ¶ 5; doc. 23 at 2. The Note provided that defendant would be in default if she failed to pay the full amount of each monthly payment on its due date. Doc. 23 at 3. Defendant also executed a Texas Home Equity Security Instrument (the "Security Instrument") securing to the lender the repayment of the debt evidenced by the Note and the performance of defendant's obligations under the Note and Security Instrument. Id. at 11. The Security Instrument defined the lender as any holder of the Note who is entitled to receive payments under the Note. Doc. 23 at 10. Plaintiff is the current legal owner and holder of the Note. Doc. 1 at 3, ¶ 7. By signing the Security

---

[1]The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:19-CV-432-A.

[2]The Note and Security Instrument indicate that at the time those documents were executed, the lender was John W. Stahl d/b/a Cybernet Mortgage. Doc 23 at 2 & 9.

2

Instrument, defendant conveyed to a trustee the following property at 3916 Williams Road, Benbrook, Texas:

> LOT 7, BLOCK 5, WESTVALE ADDITION, FIRST FILING, AN ADDITION TO THE CITY OF BENBROOK, DALLAS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 388-9, PAGE 3, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS. LOT 7, BLK 5, WESTVALE ADDITION

(the "Property"). Doc. 1 at 3, ¶ 6; doc. 23 at 11. The Security Instrument requires defendant to pay when due the principal of and interest on the debt evidenced by the Note and any late charges due under the Note. Id. at ¶ 8; doc. 23 at 11. The Security Instrument further provides, in essence, that if defendant is in default and fails to cure the default after being given appropriate notice, the lender may require immediate payment of her debt and sell the Property. Doc. 23 at 20. The Security Instrument also entitles the lender to recover court costs and attorney's fees incurred in pursuing those remedies. Id. Defendant failed to make payments on the Note and failed to comply with any and all of the Security Instrument's covenants and conditions. Doc. 1 at 3, ¶ 10. Plaintiff's mortgage servicer, Ocwen Loan Servicing, LLC ("Ocwen"), sent to defendant a Notice of Default dated February 4, 2019, stating that certain mortgage payments were past due and giving her until March 13, 2019, to remit them. Doc. 23 at 28-29. After plaintiff failed to do so, Ocwen's counsel sent to defendant a Notice of Acceleration of

3

Loan Maturity dated May 17, 2019, demanding payment of all unpaid principal and accrued interest on the Note. Id. at 34.

In its complaint, plaintiff brought causes of action for declaratory judgment and foreclosure. Doc. 1 at 4-5. In the complaint's prayer for relief, plaintiff requested a judgment declaring that:

> (1) Borrower is in default on her obligations on the [Note and Security Instrument] and that (2) Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001; and (3) Plaintiff is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property pursuant to Texas Property Code section 51.002, the Note and Security Instrument, or alternatively, judicial foreclosure, and awarding attorney's fees [and] costs . . . .

Id. at 5-6. Plaintiff requested attorney's fees as a further obligation on the Note and not as a money judgment against defendant. Id. at 5, ¶ 19.

On July 10, 2019, plaintiff requested the clerk enter default against defendant. Doc. 16. On July 16, 2019, the clerk, on the court's order and having concluded that defendant failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure, entered default against defendant. Docs. 21 & 22.

4

II.

Analysis

A. Applicable Legal Standard

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a plaintiff must apply to the court for a default judgment, unless its claim is for a sum certain or a sum that can be made certain by computation. Such a plaintiff is not entitled to the entry of a default judgment; rather, the court has discretion to grant or deny the plaintiff's motion. Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998). In deciding whether to enter a default judgment, courts apply a three-part test. See, e.g., J & J Sports Prods., Inc. v. Morelia Mexican Restaurant, Inc., 126 F. Supp. 3d 809, 813-14 (N.D. Tex. 2015). First, the entry of default judgment must be procedurally warranted. See Lindsey, 161 F.3d at 893. The following factors are relevant to that determination:

> [1] whether material issues of fact are at issue, [2] whether there has been substantial prejudice, [3] whether the grounds for default are clearly established, [4] whether the default was caused by a good faith mistake or excusable neglect, [5] the harshness of a default judgment, and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

Id. Second, the pleadings must provide a sufficient basis for the entry of a default judgment. Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). The

defendant, by her default, admits the plaintiff's well-pleaded factual allegations, but not legal conclusions or factual allegations that are not well-pleaded. Id. Third, courts determine what form of relief, if any, the plaintiff should receive. J & J Sports, 126 F. Supp. 3d at 814. Rule 54(c) of the Federal Rules of Civil Procedure provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Rule 55(b)(2) of the Federal Rules of Civil Procedure gives the court "wide latitude" in determining whether to hold an evidentiary hearing before entering a default judgment. James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

B. Default Judgment Against Defendant Should Be Entered

The court finds that a default judgment against defendant for the requested declaratory relief and court costs should be entered. First, the entry of a default judgment is procedurally warranted. Defendant failed to answer or respond to plaintiff's complaint, so there are no material issues of fact in dispute. See J & J Sports, 126 F. Supp. 3d at 814 (citing Lindsey, 161 F.3d at 898; Nishimatsu, 515 F.2d at 1206). Plaintiff has been prejudiced by defendant's failure to respond, which has brought the adversary process to a halt. See id.; see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989). The grounds for default are clearly established: the

record indicates that defendant failed to answer or respond to plaintiff's complaint within the time required by the summons and the Federal Rules of Civil Procedure. There is no indication in the record that defendant's default is due to a good faith mistake or excusable neglect. While the relief plaintiff requests is significant, defendant's failure to make any appearance in this action mitigates the harshness of a default judgment. See J & J Sports, 126 F. Supp. 3d at 814. Nor does the court have any reason to believe that it would have to set aside a default judgment for any of the grounds listed in Rule 60(b) of the Federal Rules of Civil Procedure.

Second, plaintiff's allegations, admitted by defendant's default, support granting such relief. The allegations indicate that defendant is in default on her obligations under the Note and Security Instrument and that plaintiff is the Note's owner and holder and the Security Instrument's beneficiary. Those allegations, in turn, suggest that plaintiff is the mortgagee as defined in Section 51.0001(4) of the Texas Property Code.[3] The Note and Security Instrument indicate that the Security

---

[3] Section 51.0001(4) of the Texas Property Code defines "mortgagee" as "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record."

Instrument secures to plaintiff the Note's outstanding balance, prejudgment and post-judgment interest at the rate of 9.150%, and court costs. Moreover, the allegations indicate that plaintiff, given defendant's default and failure to cure, has taken the steps required by the Note, Security Instrument, and Section 51.002 of the Texas Property Code to be entitled to enforce the Security Instrument's power of sale through foreclosure.

Third, the court finds it appropriate to award plaintiff the requested declaratory relief and court costs. The allegations and evidence attached to the complaint provide ample basis for awarding that relief without holding an evidentiary hearing. However, the court is not granting plaintiff attorney's fees at this time. Rule 54(d)(2) of the Federal Rules of Civil Procedure generally requires that a claim for attorney's fees be made by a motion that states, among other things, the amount sought or a fair estimate of it. The rule contemplates that parties will not make such requests until after judgment is entered and that such requests will not be for amounts to be determined, but for amounts disclosed or estimated in an appropriate motion. Because none of those conditions has been met, the court is not awarding plaintiff attorney's fees at this time, but the court recognizes that plaintiff may seek attorney's fees by filing an appropriate

motion pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure.

III.

ORDER

The court ORDERS that plaintiff's motion for default judgment be, and is hereby, granted, and that the court hereby orders and declares:

(1) Defendant is in default on her obligations on the Note and Security Instrument;

(2) Plaintiff is the owner and holder of the Note, beneficiary of the Security Instrument, and mortgagee, as defined by Section 51.0001(4) of the Texas Property Code;

(3) The following are secured by the Security Instrument: (a) the outstanding balance of the Note; (b) prejudgment interest at the Note's interest rate of 9.150%; (c) post-judgment interest at the Note's interest rate of 9.150% from the date of judgment until paid; and (d) costs of court;

(3) Plaintiff is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property pursuant to Section 51.002 of the Texas Property Code, the Note, and the Security Instrument;

(4) Plaintiff have and recover its costs of court from defendant; and

(5) Plaintiff is authorized to file a motion for attorney's fees pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure.

SIGNED July 23, 2019.

                                                  JOHN McBRYDE
                                                  United States District Judge